The opinion of the court was delivered by
Miller, J.
The appeal is by a creditor of the insolvent from the judgment maintaining the respite proceedings sought to be set aside by the creditor.
The law requires that the debtor seeking a respite shall file correct and full schedules of his property and liabilities; and the order for the meeting of creditors and the other requisites to obtain the respite demand that attention from the debtor which the litigant seeking relief usually bestows on his suit. Civil Code, Arts. 3084, 3087 et seq. The schedule of assets in this case states the amounts of bills receivable, open accounts, and money loaned, with no specification of the debtors or other details of interest to the creditors of the insolvent. This imperfect statement called for the rule of the creditor on the debtor for a better statement of assets, but produced no result. Nor were any steps taken by the debtor to carry into effect the order for the respite, and since September, 1895, he has enjoyed all the advantage from the restraint the order imposed on his creditors. The record, in our view, exhibits the disregard by the debtor of the conditions of a full and correct statement of his affairs and diligence in prosecuting his application, the law exacts for the relief it extends to insolvents.
The rule of the creditor to compel a proper statement of his affairs proving ineffective, the creditors supplemented it, by the demand in the form of an exception, that the respite order be annulled. On the issues made by the creditor, he produced a mass of testimony tending to show that the debtor had not accounted for all his property. On this branch of the case we do not find it necessary to express any opinion. The remedy of the creditor against an order for the respite obtained by the debtor under the circumstances shown by the record is to set it aside. A schedule utterly deficient as this is in the informations it should convey is no basis for a respite or a cession. This ground is strengthened, if assistance is needed, of no attempt to supply what the law requires though called for by the creditor’s rule, and by the additional fact that for over a year the *1055 debtor has been enabled to tie the hands of his creditors by the order to which he was not entitled, without fulfilling the conditions exacted by the Code. Pecquet vs. Golis, 1 N. S., p. 438. Phillips vs. Her Creditors, 36 An. 904.
The copy of the petition filed in this court of the debtor and the order made on it of date the 22d April, 1896, accepting his cession, the petition referring to the respite proceedings reviewed in this decision, and which seems to be the basis of the order accepting the cesión, can exert no influence on our determination, or affect that relief sought by this appeal.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be annulled, and it is now ordered and decreed that the order for the respite obtained by the debtor, and all proceedings based on it, be avoided and annulled, and that the appellee pay all costs.